UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE ZANDSTRA,

    Plaintiff,

v.                                          Case No. 1:06-cv-764
                                            Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on March 22, 1949 and earned a GED (AR 50, 73).[1] He alleges a disability onset date of November 2, 1999 (AR 50). Plaintiff had previous employment as an HVAC service technician, machine operator and maintenance worker (AR 68, 107). Plaintiff identified his disabling conditions as osteoarthritis in the back and knee, shortness of breath and chronic obstructive pulmonary disease (COPD) (AR 67). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on March 31, 2006 (AR 14-29). This decision, which was later approved by

---

[1] Citations to the administrative record will be referenced as (AR "page #").

the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff has not engaged in substantial gainful activity since the alleged onset of disability (AR 28). Second, the ALJ found that he suffered from severe impairments of degenerative joint disease of the lumbosacral spine and right knee, and mild COPD (AR 29). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 29).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) to:

> lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk 6 out of 8 hours; sit 6 out of 8 hours; frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and occasionally climb ladders and scaffolds.

(AR 29). The ALJ also found that plaintiff's past relevant work as an HVAC technician, machine operator and maintenance worker did not require the performance of work-related activities precluded by his residual functional capacity (AR 29). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 29).

## III. ANALYSIS

Plaintiff raises one issue on appeal:

**The ALJ's conclusion that plaintiff was not entitled to benefits was not based upon substantial evidence.**

Plaintiff raises three arguments. First, that the ALJ failed to discuss the combined effects of his back, knee and lung impairments. Second, that the ALJ neglected to follow SSR

"96.7(p)" in evaluating his pain. Third, that the ALJ erred in evaluating plaintiff's credibility and concluded that plaintiff could perform his past relevant work.

### A.     Combined effects of impairments

The Social Security Act requires the agency "to consider the combined effects of impairments that individually may be non-severe, but which in combination may constitute a medically severe impairment or otherwise evince a claimant's disability." *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). *See* 20 C.F.R. § 404.1523. An ALJ's analysis of a claimant's combined impairments is sufficient where the ALJ referred to a "combination of impairments" in deciding the claimant did not meet the listings, the ALJ's decision was made after careful consideration of the "entire record," and all of the claimant's impairments were discussed individually in the decision. *See Gooch v. Secretary of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). "To require a more elaborate articulation of the ALJ's thought process would not be reasonable." *Id. See also Loy v. Secretary of Health and Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (an "ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of impairments in combination, where the ALJ specifically refers to 'combination of impairments' in finding that the plaintiff does not meet the listings").

Here, the ALJ performed a thorough review of plaintiff's medical treatment, discussed each of plaintiff's impairments individually and stated that he reached his decision "[a]fter careful consideration of the entire record" (AR 14-29). The ALJ also determined that none of plaintiff's impairments "either singly or in combination" met or medically equaled a listed impairment (AR 19). Accordingly, the record reflects that the ALJ considered the combined effects of plaintiff's impairments. *See Loy*, 901 F.2d at 1310; *Gooch*, 833 F.2 at 592.

### B.     Evaluation of plaintiff's pain

Next, plaintiff makes the bald assertion that the ALJ failed to follow SSR "96.7(p)" in evaluating his pain symptoms. Plaintiff presumably is referring to SSR 96-7p ("Assessing the credibility of an individual's statements"). Plaintiff's brief contains no discussion of this topic other than a reference to matters "as pointed out in Plaintiff's appeal to the Appeals Council." Plaintiff's Brief at 7. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, the court need not address this claim.

### C.     Plaintiff's credibility

Finally, plaintiff contends that ALJ erred in evaluating plaintiff's credibility, because "the ALJ essentially concluded that the Plaintiff lied to him throughout the hearing." Plaintiff's Brief at 7. Plaintiff contends that the ALJ improperly impugned his credibility on two occasions. First, the ALJ pointed out plaintiff's testimony that he lifted 150 pounds while performing maintenance work at a food wholesaler, contrary to plaintiff's written report that he lifted 100 pounds at that position (AR 15-16). Second, the ALJ pointed out that plaintiff lacked credibility "for not mentioning a job that lasted for all of three weeks." Plaintiff's Brief at 8.

It is the ALJ's function to resolve conflicts in the evidence and determine issues of credibility. *See  Siterlet v. Secretary of Health and Human Servs.*, 823 F. 2d 918, 920 (6th Cir. 1987) (per curiam); *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984). An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th

Cir. 1997). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

>Here, the ALJ summarized his credibility determination as follows:
>
>The undersigned has noted the inconsistencies in the claimant's statements and testimony and concludes that the claimant is not credible. The objective evidence clearly indicates that his back pain is intermittent, achy in nature, and that it has not worsened. The severity of pain is consistent with mild to moderate pain, which is well controlled with very moderate use of medications. The treatment rendered is inconsistent with treatment prescribed in patients with debilitating levels of pain, such as surgery, TENS unit, nerve blocks, high doses of long acting narcotic medications, biofeedback, psychological counseling, for example. The claimant has refused orthopedic referral, which is consistent with a low and tolerable degree of pain. His mild pulmonary disease does not require treatment, and by his own report, limits him only with climbing hills and stairs, indicating that he still engages in these functions. The claimant has also rendered various descriptions of his back impairment, stating that he has had surgery, which he has not, and that he fractured his back, which he has not. He has rendered inconsistent statements with regard to the onset of back pain and the duration of such. He did not seek treatment for back pain in 1999, and did not apply for disability until October 31, 2002, although he would have the undersigned believe that back pain and knee pain took him out of the workforce as of November 2, 1999, three years earlier. These are just some of the reasons, along with all of the reasons mentioned earlier in this decision, for the conclusion that the claimant's testimony and allegations of disabling pain are not credible.

(AR 26-27).

The ALJ also found that plaintiff's testimony regarding his past work was inconsistent with his prior reports (AR 15-16).

Plaintiff correctly notes that the ALJ is in error with respect to the food wholesaler job, because he did twice report lifting "100 lbs. or more" at this job, in work activity reports (AR 68, 110, 235). Plaintiff does not, however, provide any citation or discussion regarding his failure to consistently report his short term employment. The ALJ pointed out that plaintiff's March 2003 work history report did not include his employment at a Holiday Inn for three weeks in 2001.

7

Further, in his February 2003 work activity report, plaintiff disclosed his employment at Muskegon Nights, Inc. from April 16, 2001 through May 9, 2001, but failed to identify this job at the administrative hearing (AR 15, 76-83, 107).  In addition, the ALJ pointed out plaintiff's testimony at the hearing that he "never" learned his machine operator job and that the machine "never ran right" was inconsistent with his prior work history report, which stated that he used the machinery and technical skills in the performance of that job for more than one year (AR 15, 109).  The ALJ found no evidence from plaintiff's employer that he was deficient in performing the machine operator job or that he "never learned" the skills to operate the machine (AR 16).

The ALJ also noted that plaintiff first reported the onset of low back pain on July 17, 2001 (AR 19, 133).  At that time, plaintiff reported that he "works in construction for his son" (AR 19, 133).  The ALJ found these statements significant with respect to both his medical and employment history.  Plaintiff did not seek treatment for his back pain prior to July 17, 2001, which contradicts his alleged onset date of November 2, 1999 (AR 19).  Plaintiff did not seek additional treatment for his back until November 21, 2002, at which time he first reported the alleged disabling knee pain (AR 19).  When plaintiff visited the clinic for his next examination on April 1, 2003, he reported suffering back pain for approximately 20 years (AR 19, 130).  Furthermore, plaintiff's report to the physician that he was working construction in July 2001 was inconsistent with his work activity reports, which did not disclose this employment (AR 19).

While the ALJ's decision does include an incorrect statement with respect to the amount of weight lifted by plaintiff during his past relevant work at the food wholesaler, the balance of the ALJ's credibility determination appears supported by substantial evidence.  Accordingly, plaintiff presents no compelling reason to disturb the ALJ's credibility determination.

**IV.    Recommendation**

For these reasons, I respectfully recommend that the Commissioner's decision be affirmed.


Dated:  January 15, 2008                           /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).